An order will be entered accordingly.

---

## NELL M. ERWIN
### *v.*
## MANUEL FERNANDEZ NATER.

---

San Juan, Law, No. 850.

INSTRUCTIONS TO THE JURY AS TO TAX REDEMPTION.

Duties of Jury.
    1. The general duties of jurors in regard to evidence in a case defined.
Jury—Law.
    2. The jury takes the law from the court, not from the attorneys.

Erwin v. Nater.

Tax Sale—Tender.
3. The law of Porto Rico is that, after a tax sale, tender of redemption money must be made in person, and, if refused, the money verified by the registrar of property, must be paid over to that officer, and that thereupon the former owner is restored to his former right.

Redemption—Tender.
4. If the purchaser declines the tender on the ground that it is not made by a party properly authorized, he states his case upon that fact, and must abide the consequences.

Tender—Agent.
5. It is not necessary that the agent have a formal power of attorney in order to make the tender valid. Any authorization, as by letter, is sufficient.

Redemption—Withdrawal of Tender.
6. If, after making payment to the registrar, the redemptioner withdraws the money deposited, this cancels the tender and payment. The owner cannot have the land and the money too.

Ejectment—Rental Value.
7. While mesne profits are usually allowed upon recovery of land, this is not essential, and, if not properly proved, should not be included in the verdict.

Opinion filed January 27, 1914.

_Messrs. E. B. Wilcox_ and _N. B. K. Pettingill_ for plaintiff.

_Messrs. Joseph Anderson, Jr.,_ and _O. M. Wood_ for defendant.

HAMILTON, Judge:

The case that we have been hearing for parts of two days is one that has considerable interest both on the side of the

facts and on the side of the law. Of course you understand that in all cases those two elements are involved, the law and the facts. You are to find the facts and I am to tell you what the law is on those facts. Of course I do not know what your views may be upon the facts. In fact you do not know yourselves until you have deliberated. But it is my duty to give you the law on the different hypotheses, and you are to find which is correct.

There are certain things which you recollect and that follow. In the first place, the burden of proof is on the plaintiff. It is for the plaintiff in this case, Mrs. Nell M. Erwin, to prove the facts of her complaint. She is to prove that she is entitled to the land in question. This is what is called an ejectment suit. It is a suit for the recovery of certain land described in the complaint, and also for what are called mesne profits, or rents and profits. In other words, if she is entitled to the land, she is entitled not only to the land, but to the value of the use of it for the time she has been kept out of it. If she is not entitled to the land, of course there are no rents in question. But the burden of proving her case is on her, except so far as the case is admitted by the defendant. That is one peculiarity, and a very happy peculiarity of the procedure in Porto Rico. The law here does not in fact, as in a good many of the states of the American Union, permit the defendant to file a number of denials to the plaintiff's cause of action, and make the plaintiff prove everything. It is the duty of the defendant to say what is the truth of the complaint, and what he actually denies, and that has been done in this case. And taking the complaint after it has been amended two or three times,—the existing complaint and the existing answer,—you find that the

Erwin v. Nater.

parties are not so very far apart upon the facts. So that I am able to tell you some of the undisputed facts that will relieve you to a large extent in your duties. At the same time, if there is anything you doubt, it is for you to say whether the witnesses on the stand told the truth. If anyone has told what you do not believe, you are entitled to disregard it. It is not for me to say that there is any such witness, or what any such evidence is, and I do not; but if you think there is anything incredible in the testimony of any witness, you will not believe that witness.

Now, here is the case of a woman suing for a piece of land, and, I may say, suing for it after a tax sale, but under a claim of redemption from the tax sale. We all know that we have to pay taxes if we own property, and, if we do not, the property will be taken from us by the government and turned over to whoever will pay the taxes. It seems to be undisputed in this case that in September, 1908, a certain piece of land near the mouth of the river, across the bay, was in the possession and apparent ownership of the plaintiff, about 10 acres, with whatever the description may be in the complaint. She left the island for some reason, moved her residence, and the land was sold for taxes. It was bought in, I believe, on September 17, 1908, by the defendant. The inference is, and I presume the undisputed facts are, that the defendant has been in the possession of the land ever since. Now Mrs. Erwin seeks to recover that land by paying up those taxes. This is a right which the law gives any defaulting taxpayer, to pay up the taxes with certain penalties within a certain time. This is a provision of the local law, and one that is probably universal.

The question for you to decide in this case is, Did she make

a proper payment? Was a proper payment made by the plaintiff in this case? By the way, gentlemen, both sides have, and not improperly, argued what is the law of the case to you. It is a matter, however, that you do not take from the lawyers, but from the court. You can see the necessity for that. If you took the law from the lawyers, you would not know where you were. Each has a different view of it.

The law in this case is that if the aforesaid purchaser, his heirs or assigns, refuse to accept the tender of redemption money, the person so tendering the same shall repeat the tender in the presence of at least two witnesses, and, if the tender be again refused, the said person and witnesses shall make oath before the registrar of property who recorded the certificate of attachment, that due tender of the lawful amount of redemption money has been made and refused. Whereupon the registrar shall compute from the proper records the lawful amount of redemption money due in accordance with the provisions of this title, and upon receipt of the same shall issue to the redemptioner a certificate of redemption. The payment,—and here is an important part,—the payment of such redemption money to said registrar shall restore to said former owner, his heirs or assigns, all the right, title, interest, and estate in and to said real property held by said former owner before the sale for nonpayment of taxes. (P. R. Code § 349.)

So you see it is essential in the case of redemption that the tender and proper payment be made, because the law revests title upon a proper payment, puts back all rights connected with the property in the original owner, provided the proper tender of money and the proper payment has been made. So

Erwin v. Nater.

that you see it is for you to say whether the proper payment has been made.

Now I will go on to define what the elements of that are. It is, I think, undisputed that $54.05 was tendered to the defendant, and that he refused to accept it, on the ground that the person tendering it was not shown in any proper way to be the representative of the plaintiff. Well, in doing this, of course, gentlemen, the defendant staked his case upon this issue. If he was right, of course that settles it. The money was properly refused, and that is all there is to it. The plaintiff cannot recover. But if, on the other hand, the defendant in staking his case upon that made a mistake, and the tender was properly made, he has lost his case. That is all there is to it. It is what comes to all of us sometime in our lives. We make a decision in an important matter, and we have to take the consequences. We succeed or do not succeed, as the case may be. Now, how was it in this particular case? The amount was $54.05. I do not recall the details of the evidence showing that this was the correct amount. It may be that you recollect the details as to how they made that up. But whether that be so or not, it does not seem to be an issue in the case. Moreover, the amount was computed by the official whose duty it is to compute it, the registrar, and the presumption of law is that an officer does his duty. So that I can charge you, as a matter of law, that the amount of money is not in dispute. If you believe that $54.05, or whatever is shown to have been tendered, was tendered by the right party in the right way, the payment was sufficient.

Now, you observe the payment by the right person revests the title; the payment by the owner, the original owner, re-

vests the title; and the law question in the case which
was settled upon argument of the parties is as to how the owner
can make this payment. I charge you, as a matter of law, that
it is not necessary the agent of the plaintiff have a formal power
of attorney. That the same formality or informality, if you
choose to call it so, that accompanies the payment of taxes orig-
inally accompanies the redemption of taxes so far as the actual
payment is concerned. Anybody can pay the taxes in the name
of his friend, and it is a perfectly legal payment. There is
ample authority in that case. So that if you believe in this
case that Dr. Alton, I think the name is, went to the defendant
and tendered this money and afterwards paid it over to the
registrar, and that this Dr. Alton represented the plaintiff prop-
erly,—not simply as a volunteer, it is not necessary to go that
far,—but that he had a letter from the plaintiff requesting him
to do this, then I charge you, as a matter of law, that that is
sufficient. So you are to decide, in the matter of authorization,
whether the person making the tender, who I believe was Dr.
Alton, was authorized in any way.

There are two defenses, as I understand it, made to this
suit; that is to say, there are two things which are not admitted.
The first is that Dr. Alton was not the proper representative.
You will determine that along the line that I have just defined.
If he was a representative under a letter from the plaintiff,
that is sufficient. But the pleadings or the comments upon the
evidence reveal another defense, another suggestion of a de-
fense, which I should mention. It is that the money, whoever
paid it, was afterwards recalled. Well, of course, if Mrs. Erwin
paid the money, and then went afterwards and rued her bargain
and got the money back, and that is the state of the case now,

Erwin v. Nater.

of course Mrs. Erwin would have no complaint. She cannot get her land and the money too. You are to decide whether, if there was any repayment of the money, it was on behalf of the plaintiff. You should decide that on the facts. If she has taken the money back, of course she could not recover, but if you find from the evidence, on the other hand, that this recall of the money, if there was any, was not authorized by her, but was by somebody else, she is not bound by that repayment at all. It is not her fault if somebody else goes there and misrepresents himself and gets the money back. It would not be material at all who instigated it, if there is no evidence that she did it. If you believe from the evidence that she had nothing to do with it, she is completely exonerated. If the registrar paid it over to somebody who was not authorized to receive it, that is a matter for the registrar, who is under a $20,000 bond. It is his business to pay it over to the right person.

So if you believe there has been a proper tender and payment under the law as I have given it to you, it will be your duty to find for the plaintiff as to the land. But there is another element. If you find for the plaintiff as to the land, you almost necessarily have to find for the plaintiff as to some rental value of the land, if it had any rental value. It is for you to say what has been shown to your satisfaction is the rental value of this 10-acre tract, or whatever it was, on the shore over there. There has been some evidence that it is worth $100 a year. If you think from the evidence that that is the rental value, it would be your duty, if you find for the plaintiff at all, of course, to find a rental value and mesne profits of $100 a year from March 15, 1909. That I understand is the date of the tender or the payment, and if it belonged to the plaintiff

at all it would be vested in her at that date, March 15, 1909. I do not tell you $100 a year, but I say there seems to be some evidence of that sum, and if you think that is proper you would find it as the rental value per annum.

If, on the other hand, you are not satisfied that the person making this payment was properly authorized, you would find for the defendant. You must not guess either way. You must come to a definite conclusion, and if you do not think there is any rental value fairly shown, even if you find for the plaintiff as to the land, you would not find for any rental value. You see those are facts which are for you to determine, and not for me.

The Court: Are there any exceptions to the charge?

Mr. Wood: No, but I should ask that the jury be given the pleadings on each side.

The Court: They will be given the existing complaint, whatever that is, and the existing answer. It would not be fair to the jury to have them wade through a lot of legal papers connected with corrections of the pleadings.

You will now retire, there being no exceptions to the charge, and the marshal, of course, will show you where to go. The first thing for you to do will be to select a foreman, who will communicate with the court if you want any further instructions whatever. You will deliberate on your verdict, and render it in one of two forms. The form of your verdict will be, if you find for the plaintiff: "We, the jury, find that the plaintiff has a legal estate in and is entitled to the immediate possession of the property described in the complaint, and we assess the plaintiff's damages at $————,"—signed by your foreman. It will be given to you in that form. If you under your oaths

Erwin v. Nater.

should determine that the matter of profits has not been proved to you, you would simply strike out the part about the damages. There is evidence on that subject. There is no evidence to the contrary, but I cannot say, of course, what you should do about that. The blank will be handed to you in that form, and it is for you to strike the damages out if you do not on your oaths think that they should go in. On the other hand, if you find for the defendant, the form of your verdict is very simple, —"We, the jury, find for the defendant,"—signed by your foreman.